IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PAUL HILDEBRAND )
)
v. ) NO. 3-16-0618
) JUDGE CAMPBELL
OPTIMAL MORTGAGE )
SERVICES, LLC, et al. )

MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss (Docket No. 6). Plaintiff has filed a Response (Docket No. 15), and Defendants have filed a Reply (Docket No. 17). For the reasons stated herein, Defendants' Motion is GRANTED, and this action is DISMISSED without prejudice.

INTRODUCTION

Plaintiff is a former employee of Defendant Optimal Mortgage Services, LLC ("OMS"). Plaintiff entered into an Employment Contract ("the Contract") with Defendant OMS which specifically provides: "Any action brought by any party to this Agreement regarding any matters of the employment of the Employee under this Agreement shall be brought in the state courts of the State of Tennessee." Docket No. 1-1, ¶ 16.

Plaintiff alleges that Defendant OMS breached the Contract and that Defendants failed to compensate Plaintiff for overtime work, in violation of the Fair Labor Standards Act ("FLSA"). Plaintiff asserts causes of action for breach of contract, unjust enrichment/quantum meruit, violation of the FLSA, and violation of the Tennessee Wage Regulation Act ("TWRA").

Defendants have moved to dismiss this action, arguing that venue is improper here because the case must be brought in state court, pursuant to the above-quoted forum selection clause. Alternatively, Defendants ask the Court to transfer this action to the U.S. District Court for the Western District of Tennessee, pursuant to 28 U.S.C. § 1404(a) because that district bears a much stronger connection to the events underlying Plaintiff's claims. Finally, Defendants ask the Court to dismiss Plaintiff's claims for violation of the TWRA and unjust enrichment/quantum meruit for failure to state a claim.

ANALYSIS

A forum selection clause should be upheld absent a strong showing that it should be set aside. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). When evaluating the enforceability of a forum selection clause, the Court should look to the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. *Id*. The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced. *Id*.

Plaintiff has not argued that the forum selection clause at issue here was obtained by fraud, duress or other unconscionable means. Neither has he argued that the state courts of Tennessee would ineffectively or unfairly handle the suit or that state courts would be so seriously inconvenient as to be unjust. Plaintiff contends that his FLSA claims are not governed by the forum selection clause.

Plaintiff has brought more than FLSA claims, however, and all his claims concern matters of his employment under the Contract. For example, Plaintiff's Complaint alleges that Defendants breached the Contract by failing to pay his promised annual salary of $60,000. Plaintiff's Complaint also alleges that Defendants modified the Contract without Plaintiff's consent or agreement. Plaintiff's Complaint alleges that Defendants failed to pay him for work in excess of 40 hours per week, in violation of the FLSA. Plaintiff's Complaint also avers that Defendants breached the Contract by failing to give him 30 days' notice prior to his termination and violated the TWRA.

The Court finds that all of Plaintiff's claims arise from matters concerning the employment of Plaintiff under his contract with Defendants and are covered by the forum-selection clause. The cases Plaintiff cites are distinguishable as they involved more restrictive language, such as "derive out of the agreement" or were restricted to claims relating to the parties' contract.

Defendants filed their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3), which provides that a party may move to dismiss a case for "improper venue." As the Supreme Court has held, however, whether venue is "wrong" is governed by 28 U.S.C. § 1391 and has nothing to do with a forum-selection clause. *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas*, 134 S.Ct. 568, 577 (2013).

The appropriate way to enforce a forum-selection clause that points to a particular federal district court is a Motion to Transfer, pursuant to 28 U.S.C. § 1404(a). *Atlantic Marine*, 134 S.Ct. at 579. The appropriate way to enforce a forum-selection clause pointing to a state forum, however, is through the doctrine of *forum non conveniens. Id.* at 580.[1]

---

[1] Section 1404(a) is merely a condification of the doctrine of *forum non conveniens* for cases in which the transferee court is within the federal court system. For the remaining set of cases calling for a nonfederal forum, Section 1404(a) has no application, but the residual

Because both 28 U.S.C. § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a non-federal forum in the same way they evaluate a forum-selection clause pointing to a federal forum. *Atlantic Marine,* 134 S.Ct. at 580.

When the parties' contract contains a forum-selection clause, that represents the parties' agreement as to the most proper forum. *Atlantic Marine*, 134 S.Ct. at 581. The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and further vital interests of the justice system. *Id*. For that reason, a valid forum-selection clause should be given controlling weight in all but the most exceptional cases. The presence of a forum-selection clause requires this Court to adjust its usual Section 1404(a) or *forum non conveniens* analysis in three ways, only two of which apply here. *Id*.

First, the Plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, Plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. *Atlantic Marine*, 134 S.Ct. at 581.[2] Second, the Court should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves, or their witnesses, or for their pursuit of the litigation. *Atlantic Marine*, 135 S.Ct.

---

doctrine of *forum non conveniens* has continuing application in federal courts. *Atlantic Marine*, 134 S.Ct. at 580.

[2] When a plaintiff agrees by contract to bring suit only in a specified forum - presumably in exchange for other binding promises by the defendant - the plaintiff has effectively exercised his "venue privilege" before a dispute arises. Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed. *Atlantic Marine*, 134 S.Ct. at 582.

4

at 582. As a result, a district court may consider arguments about public-interest factors only, and because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. *Id.*

When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. *Atlantic Marine*, 134 S.Ct. at 583. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain. *Id.*

Considering all these factors, the Court finds that the forum-selection clause in the parties' contract controls this dispute and the state courts of Tennessee are adequate forums in which to litigate this matter.[3] For these reasons, Defendants' Motion to Dismiss is GRANTED, not because of improper venue, but based upon the doctrine of *forum non conveniens*, as set forth in *Atlantic Marine*. This action is DISMISSED without prejudice, and the Clerk is directed to close the file.

IT IS SO ORDERED.

                                             *Todd Campbell*
                                             TODD J. CAMPBELL
                                             UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 216(b) provides that an action to recover under the FLSA may be brought against any employer in any federal or state court of competent jurisdiction.